

NUMBER 13-14-00578-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CARLOS & EMILY ENTERPRISES,
INC., AND CARLOS GARCIA,
INDIVIDUALLY, D/B/A EXPRESS
INTERNATIONAL,                                                    Appellants,

v.

JOSE LUIS MARTINEZ,                                               Appellee.

**On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam**

Appellants, Carlos & Emily Enterprises, Inc., and Carlos Garcia, Individually, d/b/a

Express International, attempted to perfect an appeal from a judgment entered by the

County Court at Law No. 8 of Hidalgo County, Texas, in trial court cause number CL-09-

0030-H.   Judgment in this cause was signed on June 16, 2014.   Appellants filed a notice of appeal on September 22, 2014, stating that a motion to extend post judgment deadlines was pending in the trial court.   On October 17, 2014, this Court abated the appeal and remanded to the trial court for proceedings in accordance with Texas Rule of Civil Procedure 306a.   *See* TEX. R. CIV. P. 306a.   A supplemental record containing the trial court's findings has been filed and accordingly this appeal is REINSTATED.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal.   *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law.   *See* TEX. R. APP. P. 26.1.

Rule 306a of the Texas Rules of Civil Procedure provides that if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, then appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment.   TEX. R. CIV. P. 306a(4); *see also* TEX. R. APP. P. 4.2(a).   In order to establish the application of the rule, the adversely affected party must prove in the trial court on sworn motion and notice the date on which the party first received notice of the judgment or acquired actual knowledge of it and that this date was more than twenty days after it was signed.   TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(b).   After hearing the motion, the trial court must sign a written order that finds the date when

the party first received notice or acquired actual knowledge of the signing of the judgment. TEX. R. APP. P. 4.2(c).

The trial court conducted a hearing and denied appellants' motion to extend post judgment deadlines to August 28, 2014. The trial court concluded that appellants first received notice of the signed final judgment on June 17, 2014, and first acquired actual knowledge of the final judgment on July 31, 2014.

In this case, the trial court found that appellant received notice of the final judgment within 20 days after the judgment was signed. Accordingly, rule 306a(4) is inapplicable. Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on July 16, 2014, but was not filed until September 22, 2014. The Court, having examined and fully considered the documents on file and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
22nd day of January, 2015.